*DUCREST'S HEIRS vs. BIJEAU'S ESTATE.*

APPEAL from the court of the fifth district, the judge of the district presiding.

1. Parol evidence is admissible under the

Martha Castille married Laurent Ducrest, in 1787 and had issue two sons—

West'n. District.
*Sept'r.* 1829.

DUCREST's
HEIRS
*vs.*
BIJEAU's
ESTATE.

Joseph married Zelia Guidry and had issue two sons, Nicholas and Joseph Ducrest who are minors—their father is now dead.— Laurent Ducrest died in 1805–6 leaving a large estate in community, consisting of a plantation, negroes, cattle, &c. of which an inventory was made, except the cattle. His widow Martha Castille married Auguste Bijeau in 1807 and had no issue. No estimative inventory was made, or family meeting called, so that the mother lost the Tutorship of her only surviving child and son, Joseph.— Bijeau took possession of the property contained in the inventory of the late community of the first marriage.

After the death of Laurent Ducrest, his wife Martha sold or exchanged a negresse named Janette to Col. Declouet, and after her marriage with Bijeau he received from Declouet the price of Janette in three other slaves, viz: Honorie, Constance, and Julie by paying a small balance with the money of Martha, his wife. These three slaves had *increase*, Toussant, Henry, Lerise, Sam, and Henriette.— Auguste Bigeau died in June 1823; having sold to Joseph Decrest, his step son, who was yet

Spanish law, to prove the alienation and acquisition of property, such as land and slaves.

A *transaction*, made before the adoption of the old civil code, alienating slaves, in virtue of which the heirs of the ancester, who was the vendee, claim such slaves and their increase, must be governed by the laws of Spain.

By the Spanish law, if the money which the wife brought into marriage, whether *dotal* or *paraphernal*, was employed in the purchase of slaves, or other immovable, the property became hers if she chose.

When the purchase was made with the wife's consent, the property was hers at the dissolution of the marriage, whether her husband was insolvent or not.

If the purchase of an im-

West'n. District.
*Sept'r.* 1829.

DUCREST'S
HEIRS
*vs.*
BIJEAU'S
ESTATE.

movable was made with her money and without the wife's consent, she had only a subsidiary right, to be exercised in case of her husband's insolvency.

The slaves which the *second* husband of the grandmother, received in payment of a debt due the community existing between her and her *first* husband, go to the heirs of the grandmother: but the increase of the slaves belong to the community as acquests and gains.

The *produce* or *increase* of slaves and animals are considered as much the result of the care and solicitude of their possessors, as of nature, and form a part of the community of acquests and gains.

a minor, without a tutor or curator, at extravagant prices, the plantation and slaves belonging to the succession of L. Ducrest.

Auguste Bijeau died in February 1824, leaving his affairs very much embarrassed and his estate involved in debt. Joseph Ducrest, the step son, renounced his claim as testamentary heir, to Bijeau; and Martha the wife and mother of Joseph Ducrest by her first marriage, also renounced the community. A. Dumartrait, was appointed curator to the vacant succession of Bigeau. Joseph, the only surviving child by the first marriage, sued the curator for the *annulment* of the sale, made to him whilst a minor by Bijeau, and for the recovery of the *slaves* and other *increase* and all other property coming from the succession of Laurent Ducrest. The slaves, it was admitted, were acquired subsequent to the marriage of Martha with Bijeau; but with the proceeds of the succession of Laurent Ducrest and the money of the said Martha.

Parol evidence was admitted to prove the transaction by which the said slaves were acquired from Declouet.

During the pendency of this suit, Joseph Ducrest died, and it has been revived in the

name of his heirs viz.Zelia Guidry his wife, in her own right, and a natural tutrix of Nicholas and Joseph Ducrest, his two children; Martha the mother of Joseph as heir to her second son who died at the age of eleven years. The plaintiffs had judgment for the anulment of the sale of the three slaves and their *increase.* The defendant, Dumartrait as curator, &c. appealed.

West'n. District.
*Sept'r.* 1829.

DUCREST'S
HEIRS
*vs.*
BIJEAU'S
ESTATE.

PORTER, J. delivered the opinion of the court. The contest in this case arises between the heirs of Joseph Ducrest, deceased, and the curator of the estate of Auguste Bijeau, deceased, his step father. The heirs make two demands. *First,* that a sale made by Bijeau to their father in his life time, be set aside. *Second,* that certain slaves claimed by the representative of the estate of Bijeau, as forming a part of it, be declared to be their property. The court of the first instance sanctioned both these demands by its judgment, and the defendant appealed.

The first point in the cause has not been contested before this court; and the facts and the law did not authorise its being so. It is proved, that Ducrest was a minor at the time

West'n. District.
*Sept'r.* 1829.

DUCREST'S
HEIRS
*vs.*
BIJEAU'S
ESTATE.

of the sale, and that it was not beneficial to him. It must of consequence be annuled.

The second has been the subject of much discussion. Previous to the death of the plaintiff's grandfather he sold a slave to one Declouet. After the second marriage of their grandmother with Bijeau, slaves were received from Declouet by Bijeau in discharge of this obligation. The plaintiffs contend, that as these slaves were acquired in payment of a debt which was due to their ancestor, the property must belong to them in kind. The defendants insist they have only a right to withdraw from the succession the amount of the obligation in money.

Before entering on the merits, we must notice and dispose of a bill of exceptions. The plaintiff offered, and the court received parol evidence to shew, that the slaves claimed in the petition, had, as is there alleged, been obtained in payment of the note. The defendants objected to this testimony, on the ground, that by law, proof of such facts could only be made by written evidence.

In a case arising under the late civil code, this objection would, perhaps, be well taken; but the transaction, to establish which the

proof in this case was offered, arose previous to the enactment of that work, and must be governed by the laws of Spain. It has already been decided by this court after much consideration in the case of *Gonzales & al. vs. Sanches & al.* (4 *Mar. n.* 5. 657.) that by the Spanish laws, parol evidence was admissible to establish the alienation and acquisition of immovable property. The judge therefore did not err in permitting the plaintiffs to introduce the testimony objected to.

On the merits, the defendant has contended, that it is only in case of the property of one of the spouses, being sold during marriage that the object, acquired with the proceeds belong to them, or her who owned the thing sold; and in support of this position, he has relied on the authority of *Pothier*, who appears to support him. But this case must be determined by the laws of Spain; for they governed the country at the time the transaction took place. By them, if the money which the wife brought into marriage, whether *dotal* or *paraphernal*, was employed in the acquisition of an immovable, it became hers, whether the husband was insolvent or not at the dissolution of the marriage. But, if made without

West'n. District.
*Sept'r.* 1829.

DUCREST'S
HEIRS
*vs.*
BIJEAU'S
ESTATE.

her consent, she had only what the Spanish law writers call a subsidiary *right*, to be exercised in case of insolvency. The circumstance of the purchase being made in the wife's name does not seem to have made, in that system, any difference, *Febrero P. 2. Lib. c.* 3. § 1. *no's* 26, 27. *ib. c.* 4. §1. *no.* 6 & 7.

The plaintiffs are therefore entitled to take the slaves which the husband of their grandmother received in payment of an obligation, due to the community, previously existing between her and her first husband. But have they the same right to the *increase* of these slaves? The laws which confers the power to demand the one, refuses them the other.— The increase of slaves and animals, by the early laws of Spain, belonged to the spouse who brought them into marriage. By the later statutes however, and the modern jurisprudence of that country, the produce of these things are considered to result, as much from the care and solicitude of the possessors, as from nature. And that as such they form a part of the gains which are to be divided between the husband and wife. *Febrero, Part. 2. Lib.* 1. *cap.* 4. §1. *no.* 24. *ib. Part* 2. *Lib.* 1. *cap.* 5. §. 5. *no.* 11.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed: And it is further ordered, adjudged and decreed, that the sale mentioned in the petition, by which the petitioners' father, Joseph Ducrest, acquired the property, as therein stated, be annulled and made void: And it is further ordered, adjudged and decreed, that the plaintiffs do recover possession and be quieted in their title to the three slaves, acquired by Auguste Bijeau in discharge of a debt, due to the community existing between Martha Castille, one of the plaintiffs and husband, Laurent Ducrest vz. Honorie, Julie and Constance: and that the *increase* of said slaves Toussant, Henry, Sam, Louise, and Henriette, having become the property of the community, existing between Martha Castille and Auguste Bijeau be equally divided between the said Martha, and the estate of the said Bijeau: And it is further ordered that the appellee pay the costs of this appeal.

*Brownson* and *Bowen* for the plaintiffs, *Simon* for the defendant.